UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AUTOMOTIVE FINANCE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:07-cv-0055-DFH-TAB |
| | ) |
| ABERDEEN AUTO SALES, INC., TONY L. OWENS, BILLIE ANNE MITCHELL, and PERFORMANCE AUTO SALES, LLC, | ) ) ) |
| | ) |
| Defendants. | ) |

ENTRY ON PENDING MOTIONS

Plaintiff Automotive Finance Corporation filed this action on January 16, 2007 against defendant Aberdeen Auto Sales, Inc., alleging breach of an auto dealer "floor-plan" financing contract. Plaintiff also named as defendants Tony L. Owens, Billie Anne Mitchell, and Performance Auto Sales, LLC , who each executed a guaranty of the credit extended to Aberdeen Auto Sales. The complaint also alleges a claim against all four defendants for treble damages under the Indiana Crime Victims Act, Ind. Code § 34-24-3-1, for criminal deception and criminal fraud in violation of Indiana Code §§ 35-43-5-3 and -4. The court has jurisdiction of the subject matter under 28 U.S.C. § 1332. Plaintiff is based in Indiana is an Indiana corporation with its principal place of business in Indiana. Defendants are all citizens of Mississippi for purposes of diversity jurisdiction.

Defendants Aberdeen Auto Sales, Inc., Tony L. Owens, and Performance Auto Sales, LLC have been served with process and have failed to appear. Upon plaintiff's motion, the clerk entered default against those defendants on July 16, 2007 pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Plaintiff now seeks a default judgment against those three defendants. Defendant Billie Anne Mitchell has appeared by counsel and has moved to dismiss the case for lack of personal jurisdiction or for transfer to the Northern District of Mississippi. She has requested an evidentiary hearing on the motion. As explained below, the court enters default judgment against the three defendants who failed to appear and denies Mitchell's motion to dismiss or transfer. There is no need for an evidentiary hearing because the denial is based on facts that Mitchell does not dispute.

I.  *Default Judgment*

Plaintiff is entitled to default judgment against defendants Aberdeen Auto Sales, Inc., Tony L. Owens, and Performance Auto Sales, LLC, but not in the full amount sought by plaintiff. Plaintiff has supported its motion for default judgment with affidavits on the extent of its damages. On the breach of contract claim against Aberdeen Auto Sales and the guaranty claim against Owens and Performance Auto Sales, plaintiff is entitled to: the principal sum of $101,702.70; interest to and including June 25, 2007 of $10,090.18; interest to the date of judgment at the rate of $36.02 per day; miscellaneous vehicle costs of $65,600.00; and attorney fees and costs in the sum of $4,500. On the criminal fraud and

deception claim under Indiana law, plaintiff has claimed actual damages of $102,462.70. Plaintiff's tendered form of default judgment trebles that amount and adds that trebled amount to all of the actual damages and other damages on the breach of contract and breach of guaranty claims. That calculation appears to double-count the actual damages and would effectively award quadruple the actual damages. Treble damages are permitted under Indiana Code § 34-24-3-1, but quadruple damages are not. The court will enter a default judgment that adds $204,925.40 to the contract damages. Because these defendants have defaulted, the court also finds that there is no just reason for delay in entry of a separate final judgment against these defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

II.     *Mitchell's Motion to Dismiss or Transfer*

Automotive Finance has sued defendant Billie Anne Mitchell to enforce a guaranty of the credit extended to Aberdeen Auto Sales, Inc. (Count II) and for criminal fraud and deception based on alleged failures to hold proceeds of covered motor vehicle sales in trust (Count III). Mitchell has appeared by counsel and has moved to dismiss for lack of personal jurisdiction or to transfer the case to the Northern District of Mississippi. The parties have submitted affidavits asserting the facts they contend support their positions on these issues.

On personal jurisdiction, the issue is whether Mitchell's actions in guarantying the credit extended to Aberdeen are sufficient to justify the exercise

of specific jurisdiction over her in Indiana. In support of her motion, Mitchell asserts that she signed what she calls "the purported guarantor document" in Mississippi and that she has no other ties to Indiana. She did not communicate with anyone in Indiana or travel to Indiana. She did not sell or purchase cars, she received no compensation from the Aberdeen business or the floor plan financing. In short, if the court has jurisdiction over Mitchell, it must be based on the guaranty for the benefit of plaintiff, which Mitchell admits she signed.

> The guaranty itself provides in bold, capital letters that each guarantor:
>
> submits to the personal jurisdiction of the courts of the State of Indiana and to venue in the Circuit and Superior Courts of Marion County, Indiana. Any action initiated by the undersigned against AFC relating to this guaranty shall be filed and conducted solely in said courts. AFC may bring any suit relating to this guaranty in any court of competent jurisdiction, and the undersigned hereby consents to AFC's choice of forum. The undersigned further waives any right which it may have to remove such litigation or matter to a federal court or to require that any such litigation or matter take place in a federal court.

Compl. Ex. 3. The guaranty also provides that it shall be governed by Indiana law. Mitchell is or was a director of Aberdeen, and she is or was the corporation's secretary and treasurer. She signed the guaranty in her personal capacity. She signed both the promissory note to plaintiff and the term sheet in her capacity as secretary of Aberdeen, Compl. Exs. 1 and 2.

This court's personal jurisdiction depends on whether Indiana courts would have jurisdiction over the defendant. Fed. R. Civ. P. 4(k)(1)(A). Indiana extends

its personal jurisdiction to the full extent of the due process clause of the Fourteenth Amendment.  See *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 966-67 (Ind. 2006).  Under *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985), the facts that Mitchell does not dispute show that this court may exercise personal jurisdiction over her.  Plaintiff and the defendants entered into a substantial and long-term commercial financing relationship in which a lender in Indiana extended credit to a borrower in Mississippi, with guaranties from other Mississippi residents, including Mitchell.  As part of that guaranty, Mitchell agreed to jurisdiction and venue in Indiana.  Based on the clear terms of the guaranty, Mitchell obviously had "fair warning," 471 U.S. at 472, that she could be sued in Indiana with respect to this transaction.  She could reasonably anticipate that she would be "haled into court" in Indiana in disputes arising out of the guaranty.  See *id.* at 474, quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  The guaranty itself told her that she was agreeing to precisely that possibility.  She also agreed that if she filed suit herself relating to the guaranty, she would file it in Marion County, Indiana.

The Supreme Court pointed out in *Burger King* that parties can agree to personal jurisdiction of a court in a distant state: "[P]articularly in the commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction. Where such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not

'unreasonable and unjust,' their enforcement does not offend due process." 471 U.S. at 472 n.14 (internal citations omitted).

Mitchell has not offered any persuasive reason why she should not be held to the venue and jurisdiction terms of the guaranty, at least as applied in this case. Mitchell argues that the rather odd provisions of the guaranty here may amount to consent to jurisdiction in Indiana *state* courts but not this *federal* court in Indiana. Mitchell agreed that if she brought a lawsuit, she would do so in Indiana state courts. She agreed that if she were sued in any state court, she would not remove it to a federal court. But she also agreed that plaintiff could bring suit "in any court of competent jurisdiction," and she consented to plaintiff's choice of forum. Where a party has consented to jurisdiction and venue in a state's courts, it is difficult to see how it could violate due process to subject her to jurisdiction in the federal courts in that same state. In deciding the due process question, this federal court looks for ties that would show the defendant has contacts with the forum state that would make it reasonable and fair to expect her to defend the case in this forum state. Mitchell herself answered that question "yes" when she signed the guaranty. Accordingly, this court is one of "competent jurisdiction" for this action. See also Fed. R. Civ. P. 4(k)(1)(A) (providing that service of summons is effective to establish jurisdiction over personal defendant who could be subjected to jurisdiction of a court of general jurisdiction in forum state).

This result is practical and sensible, and it benefits borrowers in the long run. There can be no doubt that Owens, Aberdeen, and Performance are subject to jurisdiction in Indiana. Mitchell's guaranty was, the court can presume, an essential term of plaintiff's agreement to extend $100,000 in credit to a corporation whose own creditworthiness was uncertain. From a lender's perspective, it makes good sense to secure the agreement of all parties to the transaction so that any lawsuit arising from the transaction can be heard in one venue with all interested parties, including guarantors. That is exactly what the venue and jurisdiction terms of the guaranty provide here. Without that agreement, credit would be harder and more expensive for any borrower to obtain. To induce plaintiff to extend credit to the Mississippi corporation of which she was secretary, treasurer, and director, Mitchell agreed to all of these terms, including the choice of venue and jurisdiction. "[T]he Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed." *Burger King*, 471 U.S. at 474.

Mitchell also argues that the court should dismiss or transfer this action to the Northern District of Mississippi based on Rule 12(b)(3) and/or 28 U.S.C. § 1404(a) (allowing transfer for convenience of parties and witnesses and in interests of justice). In light of Mitchell's consent in this commercial dispute to venue in Indiana and to plaintiff's choice of venue, this court is a proper venue for this action. Transfer under Rule 12(b)(3) and 28 U.S.C. § 1406(a) (allowing cure of improper venue by transfer to proper venue) therefore is not warranted. In light

of Mitchell's consent to plaintiff's choice of forum as a condition for the extension of credit, transfer under § 1404(a) also is not warranted.

Mitchell has argued that Indiana's criminal law should not be applied to activity in Mississippi, and that Mississippi law should govern the claims of criminal fraud and deception against her. She agreed that Indiana law governs the guaranty. That agreement underscores why it is appropriate to deny transfer of the case. But that choice of law provision does not necessarily extend to claims arising in tort relating to the same transaction. The denial of the motion to dismiss or transfer should not be interpreted as expressing any view on the appropriate choice of law for the criminal fraud and deception claims. The court will address that question if and when it is squarely presented.

For the foregoing reasons, Mitchell's motion to dismiss or transfer is hereby denied. The court has based its decision on facts that are not subject to dispute based on the record before the court, so the court sees no need for an evidentiary hearing on the motion to dismiss or transfer.

So ordered.

Date: August 15, 2007

*David F. Hamilton*
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

David J. Jurkiewicz
BOSE MCKINNEY & EVANS, LLP
djurkiewicz@boselaw.com

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com

Carina M. de la Torre
BOSE MCKINNEY & EVANS, LLP
cdelatorre@boselaw.com

Aberdeen Auto Sales, Inc.
c/o Tony L. Owens, Registered Agent
406 Highway 145
Aberdeen, Mississippi  39730

Tony L. Owens
406 Highway 145
Aberdeen, Mississippi  39730

Performance Auto Sales, LLC
c/o Tony L. Owens, Registered Agent
406 Highway 145
Aberdeen, Mississippi  39730